# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| ROBERT JOSEPH WHITEMAN, JR., #60495-066, | )<br>)<br>) |
| Petitioner, | )<br>) |
| vs. | ) Case No. 18-cv-01555-NJR<br>) |
| WILLIAM TRUE, | )<br>) |
| Respondent. | ) |

## MEMORANDUM AND ORDER

**ROSENSTENGEL, District Judge:**

Petitioner Whiteman, who is currently incarcerated at the United States Penitentiary in Marion, Illinois, brings this action pursuant to 28 U.S.C. § 2241. (Doc. 1). Whiteman seeks expungement of two 2017 disciplinary tickets (Incident Report #3057808 and #2991543) and restoration of good conduct credit. (Doc. 1, pp. 9, 11-12); (Doc. 1-1, pp. 9, 11-13). This matter is before the Court for preliminary review of the habeas corpus petition.

Rule 4 of the Rules Governing Section 2254 Cases in United States District Courts provides that upon preliminary consideration by the district judge, "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner." Rule 1(b) gives this Court the authority to apply the Rules to other habeas corpus cases. The petition survives preliminary review under Rule 4 and Rule 1(b) of the Rules Governing Section 2254.

## Discussion

Whiteman challenges two disciplinary tickets (Incident Report #3057808 and #2991543), issued December 18, 2017 and June 21, 2017, which revoked 80 and 27 days of good conduct credit, respectively. (Docs. 1, 1-1). A claim for restoration of wrongfully revoked good conduct credit is

properly pursued under Section 2241. *Jones v. Cross*, 637 F.3d 841 (7th Cir. 2011); *Waletzki v. Keohane*, 13 F.3d 1079 (7th Cir. 1994). This includes Whiteman's request for restoration of good conduct credit.

Without commenting on the merits of Whiteman's claims, the Court concludes that the petition survives preliminary review under Rule 4 and Rule 1(b) of the Rules Governing Section 2254 Cases in United States District Courts.

### Disposition

**IT IS HEREBY ORDERED** that Respondent True shall answer or otherwise plead within thirty days of the date this order is entered (on or before **November 9, 2018**).[1] This order to respond does not, of course, preclude the Government from raising any objection or defense it may wish to present. Service upon the United States Attorney for the Southern District of Illinois, 750 Missouri Avenue, East St. Louis, Illinois, shall constitute sufficient service.

**IT IS FURTHER ORDERED** that this entire matter be **REFERRED** to United States Magistrate Judge Proud for disposition, as contemplated by Local Rule 72.2(b)(3) and 28 U.S.C. § 636(c), *should all the parties consent to such a referral.*

Whiteman is **ADVISED** of his continuing obligation to keep the Clerk (and each opposing party) informed of any change in his whereabouts during the pendency of this action. This notification shall be done in writing, not later than seven (7) days after a transfer or other change in address. Failure to provide notice may result in dismissal. *See* FED. R. CIV. P. 41(b).

**IT IS SO ORDERED.**

Dated: October 9, 2018

_____
**NANCY J. ROSENSTENGEL**
**United States District Judge**

---

[1] The response date ordered here is controlling. Any date that the Case Filing/Electronic Case Management ("CM/ECF") system may generate in the course of this litigation is a guideline only. *See* SDIL-EFR 3.