**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF ILLINOIS**

| | | |
|---|---|---|
| **ROBERT JOSEPH WHITEMAN, JR.,** | ) | |
| | ) | |
| **Petitioner,** | ) | |
| | ) | |
| vs. | ) | **Case No. 18-cv-1555-DWD** |
| | ) | |
| **DAN SPROUL,** | ) | |
| | ) | |
| **Respondent.** | ) | |

**ORDER ON PETITION FOR WRIT OF HABEAS CORPUS**
**PURSUANT TO 28 U.S.C. § 2241**

**DUGAN, District Judge:**

Petitioner Robert Joseph Whiteman, Jr., an inmate in the custody of the Bureau of

Prisons incarcerated at USP-Marion within the Southern District of Illinois, filed a *pro se*

habeas corpus petition pursuant to 28 U.S.C. § 2241. Whiteman challenges two

disciplinary decisions that resulted in the loss of privileges and good conduct time. The

first led to him losing 40 days of good conduct time plus an additional 40 days of non-

vested good conduct time (Disciplinary Report #3057808), and the second led to the loss

of 27 days of good conduct time (Disciplinary Report #2991543). Whiteman alleges that

the disciplinary proceedings were flawed to the extent that they violated his due process

and equal protection rights.

FACTUAL AND PROCEDURAL BACKGROUND

Robert Whiteman, Jr. is incarcerated in the Communications Management Unit

("CMU") at Marion where he is serving a 95-month term of imprisonment for bank fraud

and aggravated identity theft. On November 18, 2017, Correctional Officer T. Hancock

prepared incident report 3057808 charging Whiteman with possession of a cellular telephone. The incident report indicates that it was delivered to Whiteman. Lieutenant S. Gutierrez advised Whiteman of his rights at 5:13 p.m. on November 26, 2017.

Incident reports are reviewed by a unit discipline committee ("UDC"), which has the authority to take various actions following a hearing. One such action is referring the report to a disciplinary hearing officer ("DHO") for further proceedings. If the report is referred to a DHO, then the UDC advises the inmate of his rights. Whiteman was advised of his rights at a November 30, 2017 UDC hearing. The UDC then referred the matter to a DHO for additional review.

On December 18, 2017, DHO M. Fulger held a disciplinary hearing on the cell phone possession charge. During the hearing, the DHO determined that Whiteman had timely notice of the charge against him and went over Whiteman's due process rights with him. Whiteman was offered a staff representative and the opportunity to request witnesses. Whiteman acknowledged understanding his rights and declined the assistance of a staff representative. He also did not ask to call witnesses.

The DHO reviewed with Whiteman that the incident report was suspended on November 18, 2017, so that it could be referred to the U.S. Attorney's Office. The report was released for administrative proceedings by the U.S. Attorney's Office on November 26, 2017. The DHO concluded that Whiteman committed the offense of possessing a cell phone. As a result of the disciplinary proceedings, Whiteman lost 40 days of good conduct time, forfeited 40 days of non-vested good conduct time, lost 365 days of visitation privilege, and was given 45 days of disciplinary segregation.

On May 25, 2017, Special Investigative Services Lieutenant H. Andy charged Whiteman after staff uncovered that in January 2017 Whiteman attempted to commit fraud against another inmate. The incident report states that it was delivered to Whiteman and that he was advised of his disciplinary rights by Lieutenant L. Hernandez. A UDC hearing was held on June 2, 2017, and records reflect that Whiteman was advised of his rights. The UDC referred the charge to the DHO for further review.

The DHO held a hearing on June 21, 2017. During the hearing, the DHO determined that Whiteman was provided with timely notification of the charge against him before reviewing his due process rights with him. Whiteman was again offered a staff representative and the opportunity to request witnesses. Whiteman requested a staff representative and a witness, and he acknowledged that he understood his rights. A staff representative appeared but made no statement. Whiteman and his representative reviewed the paperwork and confirmed that Whiteman had been afforded all process that was due. Whiteman indicated that he was ready to proceed. Whiteman's witness, the alleged victim, appeared and indicated that he did not give Whiteman permission to use his personal information.

The DHO determined that in January 2017, Whiteman used the email system to attempt to commit fraud against the other inmate for a period of approximately two weeks. He concluded that Whiteman committed an act that disrupts in a similar manner to mail abuse, and imposed sanctions that included the loss of 27 days of good conduct time, 10 days of disciplinary segregation, and 180 days of loss of email.

Whiteman's petition alleges that the first incident report and disciplinary proceedings against him violated his due process rights because he did not receive the incident report within 24 hours of when the offense occurred. He also alleges that he was punished more harshly than another inmate with similar charges, which he claims violates his equal protection rights. As to the second incident reports, Whiteman alleges that his equal protection rights were violated because the alleged victim was not a victim, which he maintains BOP officials knew when labeling him as such. He also claims that the second incident violated his due process rights because he was in the special housing unit for approximately four months between the time of the alleged fraud and the date of the incident report. He suggests that the BOP referred the incident to the FBI rather than immediately issuing an incident report then suspending it while an investigation took place.

### ANALYSIS

Federal prisoners can challenge the loss of good conduct credit through a petition for habeas relief pursuant to 28 U.S.C. § 2241. *Jackson v. Carlson*, 707 F.2d 943, 946 (7th Cir. 1983). However, it is well settled that before the Court can consider such a claim, the federal prisoner must first exhaust administrative remedies. *Id.* at 949; *Clemente v. Allen*, 120 F.3d 703, 705 (7th Cir. 1997). As to Whiteman's equal protection claim related to the first disciplinary proceeding and all claims related to the second disciplinary proceeding, the United States argues that he is not entitled to relief because he failed to exhaust his administrative remedies.

The Bureau of Prisons' administrative remedy procedure allows an inmate to seek

formal review of a complaint relating to any aspect of his confinement.  *See* 28 C.F.R. §

542.10 *et seq*.  For an appeal of a DHO decision, the appeal is sent directly to the Regional

Office.  28 C.F.R. §542.14(d)(2).  If the inmate is unhappy with the Regional response, he

may file a final appeal with the Central Office in Washington, D.C.  28 C.F.R. § 542.15(a).

An inmate may not raise on appeal issues not raised at lower levels.  *See* 28 C.F.R.

§ 542.15(b)(2).

With respect to the November 2017 incident report, Whiteman timely appealed

the DHO decision to the Regional and Central Offices. The appeal, however, only

addressed his claim that he did not receive a copy of the incident report in a timely

manner. Whiteman did not raise any issues related to his equal protection claim, which

he acknowledges in his reply brief. According to Whiteman, he did not learn about other

inmates with similar charges who allegedly were treated differently until after his

appeals were completed, and he seeks to raise the claim under a newly discovered

evidence doctrine.

Whitehead provides no support for the idea that newly discovered information

negates the requirement to exhaust administrative remedies, nor can the Court locate any

such precedent. While newly discovered evidence may extend the statute of limitations

for filing certain habeas corpus petitions, like a motion filed pursuant to 28 U.S.C. § 2255,

it does not appear to excuse a failure to exhaust issues at the administrative level. *But see,*

*e.g.*, 28 U.S.C. § 2255(f). As such, the Court finds that Whitehead's equal protection claim

as to the November 2017 incident report cannot be pursued based on late-discovered

information and must be denied due to his failure to file an administrative remedy related

to the claim.

As to Whiteman's claims related to the May 2017 incident report, he filed an appeal with the Regional and Central Offices stating that the incident report did not allege that his actions disrupted the orderly running of the institution. He explained that he was convicted of the incorrect charge because incident reports from similarly charged inmate provided examples of how their conduct was disruptive. Whiteman's claims in this action differ greatly from the issue he appealed through the BOP administrative remedies, and, as such, he claims related to the May 2017 disciplinary report must be denied due to his failure to exhaust.

The only claim before the Court that Whiteman exhausted fully is his due process claim related to the timeframe in which he received a copy of the incident report against him. Inmates retain due process rights in connection with prison disciplinary proceedings, but such proceedings "are not part of a criminal prosecution, and the full panoply of rights due a defendant in such proceedings does not apply." *Wolff v. McDonnell*, 418 U.S. 539, 556 (1974). Instead, in the "prisoner disciplinary context, due process requires only that the prisoner receive advance notice of the charges, an opportunity to present testimony and documentary evidence to an impartial decision-maker, and a written explanation for the discipline that is supported by 'some evidence' in the record." *Piggie v. Cotton*, 344 F.3d 674, 677 (7th Cir. 2003)(citing *Wolff*, 418 U.S. at 564, 566, 570-71)(internal citations omitted). Advance notice requires only a brief period of time, no less than 24 hours, between the time notice is provided and the inmate's appearance at a hearing. *See Wolff*, 418 U.S. at 564.

Here, while Whiteman complains that the incident report was signed by an Assistant U.S. Attorney more than 24 hours before he received it, it is without question that he received it by November 26, 2017, more than 24 hours before his November 30, 2017 unit disciplinary committee hearing and weeks before his December 18, 2017 hearing before the disciplinary hearing officer. Regardless of any claim that he did not receive the incident report within 24 hours of its release for administrative proceedings, Whiteman received all the process that he is due under the law when he received the report more than 24 hours before his hearing before the disciplinary hearing officer.

## CONCLUSION

For the above-stated reasons, Robert Whiteman Jr.'s petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 is **DENIED**. The Clerk of Court shall enter judgment in favor of Respondent Dan Sproul and against Petitioner Robert Joseph Whiteman Jr. and shall close this case.

It is not necessary for Whiteman to obtain a certificate of appealability to appeal. *Walker v. O'Brien*, 216 F.3d 626, 638 (7th Cir. 2000). To appeal, Whiteman must file a notice of appeal with this Court within the timeframe set by Federal Rule of Appellate Procedure 4.

**SO ORDERED.**

Dated: September 27, 2021

_____
DAVID W. DUGAN
United States District Judge